**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ROBERT H. STILWILL

           Plaintiff,            Case. No. 2:21-cv-11721

v.            Hon. Nancy G. Edmunds

PROSECUTOR #67 DISTRICT CT., et al.,

           Defendants.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff Robert H. Stilwill, currently confined at the Genesee County Jail in Flint, Michigan, filed this *pro se* civil rights complaint against Genesee County Jail and Sheriff, Hurley Hospital, Prosecutor David Leyton, two state court judges, the State of Michigan, and a private citizen, Lori Rosebush.[1] Plaintiff failed to file an application to proceed without prepayment of fees and costs and an authorization to withdraw from his institutional trust fund account. Magistrate Judge David R. Grand signed an order of deficiency directing Plaintiff to provide a proper application. (ECF No. 4.) Alternatively, the order permitted Plaintiff to pay in full the $350.00 filing fee plus the $52.00 administrative fee. (*Id*.) Plaintiff was given thirty days to comply with the order. (*Id*.) To date, Plaintiff has not paid the filing fee nor supplied the requested documentation.

Plaintiff wrote a letter to the Court, asserting he had submitted the authorization form at the time he filed the complaint, noting he no longer had the proper form, and

---

[1] Rosebush is Plaintiff's co-defendant in his criminal matter, according to the Register of Actions in the 7th Circuit Court, Flint, Michigan. The Court is "authorized to 'take judicial notice of proceedings in other courts of record[.]'" *Walburn v. Lockheed Martin Corp*., 431 F.3d 966, 972 n. 5 (6th Cir. 2005) (citations omitted).

requesting a new form if the Court required him to complete and submit it again. (ECF No. 6.) Plaintiff also provided a handwritten statement purporting to represent that his jail trust account had a balance of zero dollars. (*Id*. at PageID.26.)

The Prison Litigation Reform Act (PLRA) requires a prisoner who wishes to proceed without prepayment of fees and costs for a civil complaint in federal court to file an affidavit of indigency and a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. *Erby v. Kula*, 113 F. App'x 74, 75 (6th Cir. 2004) (citing 28 U.S.C. § 1915(a)). If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency, and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. *Id*. at 75-76 (citing *McGore v. Wrigglesworth*, 114 F. 3d 601, 605 (6th Cir. 1997)). "'If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper,' assess the full filing fee, and dismiss the case for want of prosecution." *Id*. at 76 (citing *McGore*, 114 F. 3d at 605).

By not providing the requested documentation needed to proceed *in forma pauperis* or alternatively, submitting the filing and administrative fees, Plaintiff has failed to comply with Magistrate Judge Grand's deficiency order. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Nothing in this order precludes Plaintiff from filing a new civil rights complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

**SO ORDERED**.

                                                      s/ Nancy G. Edmunds
                                                      NANCY G. EDMUNDS
                                                      UNITED STATES DISTRICT JUDGE

Dated: November 2, 2021